**In re Oscar LITTON, Jr. and Mary E. Litton, Debtors.**

**Bankruptcy No. 383–01512.**

United States Bankruptcy Court, M.D. Tennessee.

Jan. 16, 1984.

Marshall Hix, Nashville, Tenn., for First American Nat. Bank of Nashville.

Harry D. Lewis, Nashville, Tenn., for debtors.

Henry E. Hildebrand, III, Nashville, Tenn., Chapter 13 trustee.

## MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the creditor First American National Bank of Nashville's (hereinafter "First American") objection to the confirmation of the debtors Oscar and Mary E. Litton's proposed Chapter 13 plan on the basis that the plan is not feasible under 11 U.S.C.A. § 1325(a)(6)

(West 1979).[1] Upon consideration of the evidence presented at the hearing, stipulations, exhibits and the entire record, this court concludes that confirmation of the debtors' Chapter 13 plan should be denied because it fails to retain First American's lien in its collateral as required by § 1325(a)(5)(B).

The following shall represent findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

The debtors filed a Chapter 13 wage earner petition in this court on June 10, 1983. At the time of the filing of this bankruptcy petition, First American held a 90-day note in the principal amount of $38,-480.82 which was secured by a third mortgage on the debtors' residence located at 809 Russleo Drive, a third mortgage on real estate located at 3503 Murphy Road, and a note payable to the debtors from a third party for approximately $26,625. The note provides for quarterly payments to the debtors in the amount of $2,785.75 for three years, with the final payment being made on or before September 1, 1985.

The debtors' proposed plan provides First American with full payment of its claim together with 14% interest in deferred cash payments in the amount of approximately $895.37 per month. The plan apparently continued First American's lien in the Russleo and the Murphy property, but did not retain First American's lien in the third party note. The plan was to extend for 60 months.

The evidence before the court demonstrates that First American's claim is adequately protected by its two liens in the Russleo and Murphy real property. First American's objection that it is not adequately protected because the plan permits the debtors to use the proceeds of the third party note to fund the plan is unfounded. Such property would, unless the plan stated

---

1. 11 U.S.C.A. § 1325(a)(6) (West 1979) provides:

    (a) The court shall confirm a plan if—

      . . . .

    (6) the debtor will be able to make all payments under the plan and to comply with the plan.

otherwise, vest in the debtor upon confirmation if the standards for confirmation under 11 U.S.C. § 1325 were established. *See* 11 U.S.C.A. § 1327(b) (West 1979). The debtors in this case have not, however, complied with § 1325. The plan must retain First American's lien in the note pursuant to 11 U.S.C.A. § 1325(a)(5)(B)(i) (West 1979), which provides:

(a) The court shall confirm a plan if—

.     .     .     .     .

(5) with respect to each allowed secured claim provided for by the plan—

.     .     .     .     .

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; . . .

Because the debtors' proposed Chapter 13 plan fails to provide that First American shall retain its lien in the third party note, this court has no alternative but to enter an order denying confirmation. The court shall nevertheless reconsider this decision should the debtors submit a plan which permits First American to retain its lien.

IT IS, THEREFORE, SO ORDERED.